IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA
and STATE OF FLORIDA,
*ex rel.* John Doe,

      Plaintiffs,                                      Case No. 6:14-cv-501-Orl-37DAB

v.

HEALTH FIRST, INC., HEALTH FIRST
HEALTH PLANS, INC., HEALTH FIRST
MEDICAL GROUP, MELBOURNE INTERNAL
MEDICINE ASSOCIATES, P.A., HOLMES
REGIONAL MEDICAL CENTER, PALM
BAY HOSPITAL, CAPE CANAVERAL
HOSPITAL, VIERA HOSPITAL,
MELBOURNE SAME-DAY SURGERY
CENTER, and MELBOURNE GI CENTER,

      Defendants.
_____/

**UNITED STATES OF AMERICA'S CONSENTED MOTION TO EXTEND
ADMINISTRATIVE CLOSURE OF THIS CASE UNTIL OCTOBER 22, 2016**

Following plaintiff-relator's and the defendants' agreement to a settlement in principle regarding this case, *see* ECF No. 120, the United States, pursuant to 28 U.S.C. § 517, respectfully requests that the Court extend the date for administrative closure of this case from August 22, 2016, until October 22, 2016. This extension would allow the parties to finalize their proposed settlement and the United States to review and decide whether to approve the settlement pursuant to 31 U.S.C. § 3730(b)(1). All parties consent to this request.

The more particular grounds for this request are as follows:

**Memorandum of Law**

1.      The United States makes this motion pursuant to 28 U.S.C. § 517, under which the Attorney General may send "any officer of the Department of Justice" to any "district in the United States to attend to the interests of the United States in a suit pending in a court of the United States."

2.      This is a whistleblower action brought by plaintiff-relator John Doe on behalf of the United States and State of Florida under the federal False Claims Act (FCA), 31 U.S.C. § 3730, and Florida False Claims Act, Fla. Stat. § 68.082, respectively.   The federal and state governments have declined to intervene in this matter but nevertheless remain the real parties in interest.   *See* ECF No. 10, 29, 96.   Mr. Doe has maintained this action himself following those government declinations.

3.      On July 22, 2016, the Court granted the defendants' motion to dismiss Mr. Doe's amended complaint.   *See* ECF No. 118, *amended by* ECF No. 119.   The Court dismissed the amended complaint without prejudice; granted Mr. Doe leave to file a second amended complaint by August 22, 2016; and ordered that the action would be closed without further notice if he did not file a second amended complaint by that date.   *See* ECF No. 119 at 10.

4.      On August 19, 2016, Mr. Doe and the defendants notified this Court and the United States that they had reached a settlement in principle regarding this matter.   *See* ECF No. 120.   The United States has not been a party to any settlement discussions or agreements (in principle or otherwise) in this matter, nor has it reviewed any proposed settlement terms.   It is the United States' understanding that the parties have not finalized their proposed settlement agreement.

5.      Under 31 U.S.C. § 3730(b)(1), an FCA "action may be dismissed only if the court and the Attorney General give written consent to the dismissal and their reasons for consenting."   *See also United States ex rel. Eisenstein v. City of New York*, 556 U.S. 928, 932 (2009) (citing subsection

3730(b)(1) for the proposition that when the United States elects not to intervene in an FCA case, it retains the right to "veto[] a relator's decision to voluntarily dismiss the action").

6. As the parties' proposed settlement terms have not been finalized or reviewed by the United States, the government is not yet in a position to consider or notify the Court whether it consents to any settlement or dismissal pursuant thereto. The United States therefore respectfully requests that – rather than enter an order or conditional order closing this case upon the parties' notice of settlement or upon plaintiff-relator's decision not to file an amended complaint by August 22, 2016 – the Court extend the date for administrative closure of this case until October 22, 2016. This extension would allow the parties to finalize their proposed settlement terms and the United States to consider those terms, obtain the necessary approval within the Department of Justice whether to consent to the settlement and to a dismissal, and notify the Court of that decision.

## **CERTIFICATION**

In accordance with Local Rule 3.01(g), undersigned counsel has conferred with counsel of record for all parties, all of whom consent to the requested relief.

Respectfully submitted,

BENJAMIN C. MIZER
Principal Deputy Assistant Attorney General

A. LEE BENTLEY, III
United States Attorney

By: /s/ Rohith V. Srinivas
Lacy R. Harwell, Jr.
Assistant United States Attorney
Florida Bar No. 714623
400 North Tampa St, Suite 3200
Tampa, FL 33602
Tel.: (813) 274-6000
Fax: (813) 274-6200
Randy.Harwell@usdoj.gov

Michael D. Granston
Tracy L. Hilmer
Rohith V. Srinivas
Attorneys, Civil Division
U.S. Department of Justice
P.O. Box 261
Washington, D.C. 20044
Tel: (202) 307-6604
Rohith.V.Srinivas@usdoj.gov

## CERTIFICATE OF NO SERVICE

I HEREBY CERTIFY that, on August 22, 2016, I electronically filed the foregoing Motion and Memorandum using the Court's CM/ECF system, which will send a notice of filing to all counsel of record.

/s/ Rohith V. Srinivas
Rohith V. Srinivas
Trial Attorney